```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

Sergio Castro,

            Plaintiff,

—v—

Arbeni Management Company Inc.,

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 1 0 2018

17-CV-4615 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

On June 20, 2017, Plaintiff Sergio Castro filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 1.

On February 6, 2018, the Court was informed that the parties had reached a settlement. *See* Dkt. No. 17. On March 9, 2018, the parties submitted a fully executed settlement for the Court's approval, *see* Dkt. No. 19, Ex. 1, along with a joint letter explaining their views on the fairness of the settlement, *see* Dkt. No. 19. The settlement agreement provides for a total settlement amount of $50,000, including attorneys' fees and costs. For the following reasons, the Court finds the settlement to be fair and reasonable.

I. **Legal Standard**

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v.*

1

*Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

## II. Discussion

### A. Settlement Amount

In the joint letter, the parties persuasively argue that the settlement amount is fair and reasonable, as both a substantive and procedural matter.

Procedurally, the parties engaged in arm's length negotiations and were represented by experienced attorneys. *See* Dkt. No. 19 at 3.

Substantively, the amount of unpaid overtime under the NYLL is $11,676.64, the unpaid overtime under the FLSA is $6,782.24, and the maximum recovery on the alleged wage notice and wage statement violations is $10,000. *See* Dkt. No. 19 at 2. The total settlement amount is $50,000, $33,025 of which will be paid to Plaintiff. *See* Dkt. No. 19 at 3. The settlement amount represents a significant recovery, especially given the risks associated with continuing the litigation. For example, the parties disagreed about the amount of hours Plaintiff worked, the wages he received, and the accuracy of the wage and time records. *See* Dkt. No. 19 at 3.

### B. Attorneys' Fees and Costs

Similarly, the requested attorneys' fees and costs are reasonable. The Court agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the

basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015).

Here, Plaintiffs' counsel is seeking attorneys' fees of one-third, or $16,512, of the net $50,000 settlement amount after reimbursement of $463 in costs.[1] Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases. *See id.* at *4 (collecting cases). Using the lodestar as a "cross check" further demonstrates the reasonableness of this amount. The lodestar in this case (not including costs and disbursements) is $23,254.50, *see* Dkt. No. 19, Ex. 2 at 4, reflecting a billing rate of approximately $450/hr, *see* Dkt. No. 19 at 5; Dkt. No. 19, Ex. 2.[2] The resulting multiplier is less than one—Plaintiff's counsel has agreed to take a one-third fee payment instead to facilitate settlement, *see* Dkt. No. 19 at 5. The Court thus concludes that the attorneys' fee award is reasonable.

The requested reimbursement for costs ($463) is also reasonable.

## III. Conclusion

In sum, the Court approves the settlement and the request for fees and costs in full. The

---

[1] The parties' joint letter regarding the settlement describes the requested reimbursement for costs as $460. *See* Dkt. No. 19 at 3. However, the settlement agreement lists the value as $463. *See* Dkt. No. 19, Ex. 1 ¶ 2(c). Accordingly, the Court uses $463 as the requested amount for the reimbursement of costs.

[2] The joint letter states that the lodestar is $31,008, and that it reflects a billing rate of $600/hr, or that the lodestar is $23,256 if the reduced billing rate of $450/hr is applied. *See* Dkt. No. 19 at 5. The attached documentation of fees reveals a lodestar of $23,254.50 with a $450/hr billing rate, which translates to 51.67667 hours worked at a rate of $450/hr, which appears to have been rounded to 51.68. *See* Dkt. No. 19, Ex. 2 at 4. The lodestar of $23,256 listed in the letter is the product of that rounded value, 51.68, and the rate of $450/hr. The Court uses the $23,254.50 lodestar value provided in Docket Number 19, Exhibit 2, but notes that the actual value of requested fees is significantly less than any of the provided lodestar values.

Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: May 9, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge